UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| JILL M. CRITTENDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-826 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| RICHARD GEORGI, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

    This is a civil action brought by a *pro se* plaintiff proceeding *in forma pauperis*. Plaintiff purports to sue over a dozen defendants -- ranging from Disney World in Orlando, Florida, to Clint Eastwood, to the Sheriff of Antrim County -- on the basis of a stream of consciousness, single-spaced complaint over thirty pages in length. The allegations in the complaint provide scattered details of plaintiff's childhood, confinement in mental institutions, conflicts with her sister over boyfriends, allegations of sexual impropriety and heroin trafficking by defendants, and charges of attempted murder. It is impossible to read plaintiff's narrative with anything approaching comprehension. Plaintiff seeks search warrants against some defendants, seizure of the bank accounts and properties of others, and an award of $343 million.

    The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Supreme Court has long recognized the discretion of the district courts to dismiss as frivolous civil actions brought *in forma pauperis*, when the claims set forth in the complaint are fantastic or delusional. *Neitzke*, 490 U.S. at 328. A finding of factual frivolousness "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 25. Although such complaints are rare, the present case falls squarely within the definition of frivolous lawsuits as framed by the Supreme Court. It would serve no purpose to attempt analysis

of plaintiff's claims, which are utterly incomprehensible. Plaintiff has not identified the jurisdictional basis for her lawsuit, FED. R. CIV. P. 8(a)(1), nor has she presented a short and plain statement of her claim showing that she is entitled to relief. FED. R. CIV. P. 8(a)(2). It is clear that the claims set forth in her complaint do not fall within this court's subject-matter jurisdiction. If they did, the court could not begin to adjudicate them. Plaintiff has not presented a coherent set of facts showing the existence of a plausible federal claim against any defendant.

### Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and that leave to appeal *in forma pauperis* be denied, as any appeal would itself be frivolous.


Dated: August 22, 2012          /s/  Joseph G. Scoville
                                United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).